UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JORGE ALBERTO ZAYAS-TORRES, | No. ED CV 11-00616-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Court should remand for reconciliation of the

```
              Administrative Law Judge's ("ALJ") decision with the
              subsequent allowance of benefits the date after the ALJ's
              decision.
     2.       Whether the ALJ gave proper consideration to the question of
              residual functional capacity.
     3.       Whether the ALJ gave proper consideration to Plaintiff's
              testimony.
(JS at 4.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE COURT REMANDS FOR RECONCILIATION OF THE ALJ'S DECISION DENYING BENEFITS WITH THE CLOSE IN TIME SUBSEQUENT FINDING OF DISABILITY AND ALLOWANCE OF BENEFITS BY THE COMMISSIONER**

The final decision of the Commissioner in this case is based upon a Decision of the ALJ following an evidentiary hearing. (AR 26-34.) The ALJ's decision was issued on November 12, 2009, and found that Plaintiff was not disabled from his onset date, January 30, 2007, through the date of the decision. (AR 33.)

Following this determination, the Social Security Administration awarded Supplemental Security Income benefits ("SSI") to Plaintiff, based upon a claim that he filed on February 17, 2010. This Notice of Award (AR 178-193) states that as of February 2010, Plaintiff met all the rules to be eligible for SSI based on being disabled. (AR 178.)

1   Citing the Ninth Circuit's case in <u>Luna v. Astrue</u>, 623 F.3d 1032,
2   1035 (9th Cir. 2010), Plaintiff argues that the Court should remand
3   this matter to the Commissioner for reconciliation of the two claims.
4   (JS at 6.)

5   Plaintiff argues that, "On June 26, 2011, the Social Security
6   Administration advised [Plaintiff] that he became entitled to
7   disability benefits beginning May 2010 based upon an onset date of
8   November 13, 2009. (Exhibit I.)" (JS at 5.) The Court concludes that
9   the holding of <u>Luna v. Astrue</u>, <u>supra</u>, is controlling here and mandates
10  remand for reconciliation by the Commissioner of the first
11  determination denying Plaintiff benefits based on a finding of non-
12  disability through November 12, 2009, and the second administrative
13  determination that found Plaintiff disabled as of November 13, 2009.

14  In <u>Luna</u>, the ALJ had denied Luna's claims on January 27, 2006.
15  While Luna's complaint was pending in District Court, he filed a
16  second application for disability insurance benefits and SSI which was
17  granted on August 20, 2007. In the Notice of Award, the Commissioner
18  found Luna disabled as of January 28, 2006, one day after the date
19  Luna was found to be not disabled based on his first application. (<u>See</u>
20  623 F.3d at 1034.)

21  The Court of Appeal determined that the District Court's remand
22  pursuant to 42 U.S.C. § 405(g), which authorizes a remand upon a
23  showing of new material evidence, was applicable, and substantiated
24  the lower court's remand order. In so concluding, the appellate court
25  noted the District Court's finding that the Commissioner's award of
26  disability benefits "was new and material evidence warranting remand
27  for further factual consideration because it commenced at or near the
28  time Luna was found not disabled based on the first application."

3

(Id.)

The Ninth Circuit panel in Luna distinguished a previous Circuit decision rendered in Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001). The Luna court noted that in Bruton, the record indicated that the second application involved different medical evidence, a different time period, and a different age classification. (Id.) In Luna's case, the Court made the following conclusion:

> "We cannot conclude based on the record before us whether the decisions concerning Luna were reconcilable or inconsistent. There was only one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application, but she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change. Given this uncertainty, remand for further factual proceedings was an appropriate remedy."

(623 F.3d at 1035, citation omitted.)

This case is more like Luna than Bruton. The relevant time period between the first finding of non-disability (November 12, 2009) and the finding of disability on November 13, 2009 was one day. That is close enough in time between the first and second decisions to necessitate a remand for reconciliation, following the holding of Luna.

The Court's determination that Plaintiff's first issue has merit relieves it of the necessity to address the second issue, which is whether the ALJ gave proper consideration to Plaintiff's residual

4

1  functional capacity ("RFC").  The issue as framed is whether the ALJ
2  correctly assessed Plaintiff's RFC based on differing medical
3  evaluations, principally one of a non-examining physician, Dr. Yee,
4  and the other by examining physician Dr. To. (See JS at 9, et seq.)
5  Presumably, the evaluations of both of these medical sources were
6  considered by the Commissioner in his determination that Plaintiff
7  qualified for disability as of November 13, 2009.  Consequently, the
8  Court's Order that there must be a reconciliation of the first and
9  second decisions of necessity incorporates a requirement that there be
10 a reconciliation of these differing medical opinions.

   The same is true as to Plaintiff's third issue, which questions whether the ALJ gave proper consideration to his own testimony. Again, it may very well be that Plaintiff's own subjective assessment of his functional limitations was considered by the Commissioner in rendering his second decision finding Plaintiff to be disabled. Whether or not those subjective descriptions contained in Plaintiff's second application were consistent with or differed from the content of his testimony at the hearing before the ALJ concerning the first application is, again, a matter which must be reconciled on remand.

   For the foregoing reasons, this matter will be remanded for further hearing to reconcile the Commissioner's denial of benefits and a finding of non-disability as of November 12, 2009 with a later finding on November 13, 2009 that Plaintiff is disabled and should be awarded SSI benefits.

   **IT IS SO ORDERED**.

DATED: May 9, 2012                /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE